# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LINDA HELD,

      Plaintiff,

vs.

      Case No. 08-1019-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM AND ORDER

Presently before this court is plaintiff Linda Held's (Held's) petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 7). For the following reasons, this court denies the appeal and affirms the decision of the Administrative Law Judge (ALJ).

### I. Background

This suit involves two applications made under the Act. The first is an application for disability insurance benefits (DIB) under Title II of the Act, 42 U.S.C. §§ 401 *et seq*. The second is an application for supplemental security income benefits (SSI) based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Held's applications were denied initially, and on reconsideration (Tr. 22, 36-41). On June 23, 2006, without a hearing, an ALJ found that Held was under a "disability" as defined by the Act. However, on December 4, 2006, the ALJ issued an order vacating the decision and reinstated the request for hearing because Held had returned to work at a presumptive substantial gainful activity level after her alleged onset of disability date.

On August 20, 2007, following a hearing, an ALJ found that Held was not under a "disability" as defined in the Act.  On November 21, 2007, the Appeals Council of the Social Security Administration denied Held's request for review, rendering the ALJ's decision final.  Held then timely filed a complaint with this court.

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which is incorporated herein.  Essentially, Held claims that she became disabled on July 19, 2005, at age 52, yet worked near substantial gainful levels after that time.

The ALJ concluded that Held suffered from the severe impairments of major depressive disorder, anxiety disorder, and personality disorder.  Further, Held has a history of non-severe mild ulcerative colitis.  The ALJ found that Held did not have an impairment or combination of impairments that met or equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments, and determined that Held has the RFC to:

> perform a range of work with moderate limitations in the ability to understand, remember and carry out detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

(Tr. 24).  After considering the evidence, the ALJ found that Held's statements concerning the intensity, persistence and limiting effects of her symptoms was not entirely credible; thus, Held's statements that her impairments prevent her from sustaining full time work were not supported by the evidence.  Regarding opinion evidence, the ALJ disregarded Dr. Schell's prior diagnosis of bipolar disorder II, because he had not seen Held for four years, and no other treating source

confirmed it.  Instead, the ALJ agreed with  Dr. Baker, the treating physician, who reported no physical impairment.

Finally, the ALJ determined that Held is capable of performing past relevant work as a cleaner and recreation aide, which is not precluded by Held's RFC, and that Held has not been under a disability from December 1, 2001, through the date of the decision.

## II.  Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record  and whether the ALJ applied the correct legal standard.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion.  *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and

further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national

economy that are within the claimant's capacity to perform. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

### III. Analysis

In this case, Held claims that: (1) the ALJ improperly evaluated her credibility; (2) the ALJ's RFC assessment is not supported by substantial evidence; and (3) the ALJ erred in finding that her depression did not meet or equal severity requirements. The Commissioner responded by arguing that the ALJ followed the proper analysis in consideration of her complaints and properly considered Held's credibility pursuant to the guidelines. Further, the Commissioner argues that the ALJ's RFC assessment is supported by substantial evidence, and that the ALJ properly determined that Held's impairment did not meet a listed impairment. Finally, the Commissioner argues that the ALJ properly determined that Held could perform her past relevant work and other work in the national economy, and that the case should not be remanded.

The ALJ concluded that Held could perform past relevant work as a cleaner and recreation aide. Held contends that the ALJ erred in not fully crediting her symptoms. Because the ALJ is "optimally positioned to observe and assess witness credibility," the court may only overturn an ALJ credibility determination when there is a conspicuous absence of credible evidence to support it. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). Further, "[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id*. (citations omitted).

Based on that standard, this court does not find error in the ALJ's findings. The ALJ followed the proper analysis in consideration of Held's complaints, and explicitly noted that Held's record indicated that she was manipulative and dramatic when explaining her symptoms. The ALJ cited legitimate and sufficient rationales for discounting Held's claims, and found that the medical evidence did not support her allegations.

Held also argues that the ALJ improperly formulated her RFC. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir.2001) (citing 20 C.F.R. § 416.945(a), (b), (c)). The responsibility for determining Held's residual functioning capacity rests with the ALJ or Appeals Council. See 20 C.F.R.§§ 404.1546, 416, 946. Held's claim that the ALJ's RFC finding is not supported by the medical evidence and that it improperly excludes Held's physical manifestations of her mental condition is without merit. As discussed above, the ALJ set forth legally sufficient reasons for disbelieving claimant's subjective complaints, namely inconsistent statements, contradictory statements, and a history of manipulation, and thus properly considered the evidence. *See Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986).

Finally, Held claims that the ALJ erred in finding that she did not suffer from at least two marked restrictions from listing 12.04(b). It is the claimant's burden to show that she meets all of the specified criteria for a listing level impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). Listing 12.04(B) requires that Plaintiff's depression result in at least two of the following:

      1. Marked restrictions of activities of daily living; or
      2. Marked difficulties in maintaining social functioning; or
      3. Marked difficulties in maintaining concentration, persistence, or pace; or
      4. Repeated episodes of decompensation, each of extended duration

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(B).  As the ALJ discussed, Held reported, among other things, that she was able to care for herself and her home, went dancing with friends, worked part time, and had only moderate difficulty with concentration.  Although the record demonstrates that Held suffers from depression, there is not sufficient evidence to demonstrate the level of severity necessary to meet the requirements of listing 12.04(b).  As such, Held's claim is without merit.

      In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

      IT IS ACCORDINGLY ORDERED this 12th day of January, 2009, that the present appeal is hereby denied.

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE